**Eugene MASON, Petitioner,**

v.

**STATE OF ARIZONA and A. E. Gomes, Superintendent Arizona State Prison, Respondents.**

**No. Civ. 72–630.**

United States District Court, D. Arizona.

June 8, 1973.

William G. Stinson, Post-Conviction Legal Assistance Clinic College of Law, Univ. of Arizona, Tucson, Ariz., for petitioner.

Gary K. Nelson, Atty. Gen., by Ronald L. Crismon, Asst. Atty. Gen., Crim. Div., Phoenix, Ariz., for respondent.

ORDER

MUECKE, District Judge.

It is hereby ordered that this Court, after a thorough review of all motions and memoranda submitted by counsel as well as hearing oral argument on April 23, 1973 and subsequently taking this matter under advisement, denies petitioner's request for habeas corpus relief.

Petitioner raised the question in his petition that he was denied the right to counsel, due process of law, and equal protection of the law since his State court-appointed attorney was not granted all of the investigative support he desired in preparing for trial. Private counsel was appointed by the court to represent the indigent defendant in this case by reason of a conflict of interest of the Public Defender's Office.

Counsel for petitioner intended to use investigative funds to inquire into the background of two convicted felons and potential prosecution witnesses—a Mr. Lloyd Ransom Roberts of Gettysburg, Pennsylvania and a Mr. James Chamblin of Sacramento, California. The State court, after motions and argument, granted counsel $100.00 for the investigation. This amount was felt by counsel to be inadequate for a satisfactory

investigation. At petitioner's trial, three key prosecution witnesses were called—Mr. Roberts, Mr. Anthony Sanchez, the former codefendant, and a Mr. George Williamson. It is interesting to note that only one of the three witnesses would have been investigated by the defense if counsel had been granted its request.

It is the opinion of this Court that the investigative desires of petitioner's attorney, if granted, would not have affected the outcome of this case. The evidence against Mr. Mason is overwhelming. The case was made primarily out of petitioner's own admissions and what his former codefendant, Mr. Sanchez, as an eye witness saw and heard. This Court is convinced that any error that may have arisen out of the State court proceedings circumscribing the investigative support requested is harmless error under the teachings of Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

Defense counsel has sought to convince this Court that when counsel is appointed by the State court to represent an indigent, defendant counsel should have carte blanche support in whatever investigation counsel wants to conduct. Counsel argues that it is unfair and inequitable to have to enter into an adversary hearing with the prosecution to secure investigative funds while the Public Defender and the State have many investigators within their respective offices available without control or accountability by anyone.

This Court agrees that something more than a token gesture by the trial court hearing a petition for investigative funds is in order for a truly justified defense investigation, as opposed to the clearly unreasonable carte blanche investigation request by counsel which would be totally devoid of controls against abuse.

Counsel for petitioner has raised some relevant questions within the context of this case that reflects upon an apparent inequitable situation among indigents represented by appointed counsel and indigents represented by the Public Defender. The appointed attorney must request within an adversary hearing, his need for an investigator, while his public defender counterpart has investigators available to him within his office and without any hearing. One attorney must convince the court of the need for an investigator while the other need only justify an investigator by satisfying internal office procedures controlled exclusively by that office. The Public Defender system thereby precludes the prosecution from ever becoming involved in the investigative process.

This Court requested and received from the Maricopa County Public Defender two separate affidavits, which are a part of the record of this case, on how its investigative services are requested and utilized by its attorneys and what policies and procedures must be followed to get a matter investigated. The Court learned that the policy of the defender's office does not permit private appointed attorneys to utilize the defender's investigators due to a conflict of interest that affects the entire office. That through cooperation with other public defender offices, the defender has access to the nationwide defender investigative apparatus where defender offices refer investigations to each other on a reciprocally cooperative basis. This service is also not available to appointed attorneys. The defender also has the capability for psychiatric and polygraph examinations as well as the services of various experts as needed in the preparation of a criminal defense.

Due to the inherent constitutional dimensions of an indigent defendant receiving or not receiving investigative support when represented by private appointed counsel, this Court feels that to avoid approaching a continuing equal protection, due process and right to counsel question, some procedure should be developed whereby counsel for the defendant could make a positive ex parte showing of an investigative need to the State court without an adversary hear-

ing so the record is clear on this question. The court hearing the request should clearly set forth within its recognized judicial discretion, the reasons for granting or denying the requested support. This present apparent disparity between appointed attorneys and the public defender will likely continue until the state courts or the Legislature provide the means and the resources to equalize investigative support between them. It has long been clear that due process and equal protection demand that an indigent defendant receive a fair trial and this is only possible when an adequately prepared defense can be assured which includes the right to adequate investigative services when their need has been justified.